Matter of Herrera v American Badge, Inc. (2024 NY Slip Op 05519)

Matter of Herrera v American Badge, Inc.

2024 NY Slip Op 05519

Decided on November 7, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 7, 2024

CV-23-0928
[*1]In the Matter of the Claim of Patricio Herrera, Appellant,
v
American Badge, Inc., et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:October 18, 2024

Before:Egan Jr., J.P., Clark, Ceresia, Powers and Mackey, JJ.

Schotter Millican, LLP, Brooklyn (Geoffrey Schotter of counsel), for appellant.
Vecchione, Vecchione, Connors & Cano, LLP, Garden City Park (Michael F. Vecchione of counsel), for American Badge, Inc. and another, respondents.

Egan Jr., J.P.
Appeal from a decision of the Workers' Compensation Board, filed April 24, 2023, which ruled, among other things, that claimant did not sustain a compensable injury and disallowed his claim for workers' compensation benefits.
Claimant, a manager at a badge factory, applied for workers' compensation benefits in October 2020, alleging that he contracted COVID-19 due to exposure to the virus during the course of his employment. Following hearings and the submission of medical deposition testimony, a Workers' Compensation Law Judge, among other things, established the claim but found that claimant did not have any causally-related lost time.[FN1] Both claimant and the employer's workers' compensation carrier administratively appealed. Subsequently, the Workers' Compensation Board found, among other things, that claimant had not established that his contraction of COVID-19 was work-related and disallowed the claim. Claimant appeals.
We affirm. "[T]he contraction of COVID-19 in the workplace reasonably qualifies as an unusual hazard, not the natural and unavoidable result of employment and, thus, is compensable under the Workers' Compensation Law" (Matter of Pierre v ABF Frgt., 211 AD3d 1284, 1285 [3d Dept 2022] [internal quotation marks, brackets and citations omitted]; accord Matter of Leroy v Brookdale Hosp. Med. Ctr., 222 AD3d 1160, 1161 [3d Dept 2023], lv dismissed 41 NY3d 976 [2024]). "Nevertheless, whether a compensable accident has occurred is a question of fact to be resolved by the Board, and its determination in this regard will not be disturbed where supported by substantial evidence" (Matter of Holder v Office for People with Dev. Disabilities, 215 AD3d 1201, 1201-1202 [3d Dept 2023] [citations omitted]; see Matter of Fernandez v New York City Tr. Auth., 224 AD3d 1066, 1067 [3d Dept 2024]). "According to guidance issued by the Board and its related decisions involving claims stemming from the contraction of COVID-19, a claimant may meet his or her burden to show that an injury arose in the course of employment by demonstrating either a specific exposure to COVID-19 or prevalence of COVID-19 in the work environment so as to present an elevated risk of exposure constituting an extraordinary event; for example, workers with significant contact with the public in communities with high rates of infection or workers in a workplace experiencing high rates of infection" (Matter of Holder v Office for People with Dev. Disabilities, 215 AD3d at 1202 [citations omitted]; see Matter of Leroy v Brookdale Hosp. Med. Ctr., 222 AD3d at 1161).
The record reflects that claimant worked at a factory that, in April 2020, employed approximately 100 people. Claimant predominately worked in the Quality Control room, which contained 30-35 people, although he testified that he did move throughout the entire building at times. According to claimant and the deposition testimony of his treating physician, claimant began experiencing symptoms of COVID-19 on April 10, 2020[*2]. Claimant testified that he last worked on April 17, 2020 and that he tested positive for COVID-19 on April 22, 2020. Claimant further testified that two other people who worked in the Quality Control room tested positive for the virus around the same time as him. One of those people testified that she was not sure when she began experiencing COVID-19 symptoms but that she tested positive for the virus on April 21, 2020. The other person testified that her COVID-19 symptoms began around April 24, 2020 and she tested positive on April 28, 2020. The employer's director of human resources testified that only two employees tested positive for COVID-19 prior to April 10, 2020. Those employees tested positive in March 2020 and did not work in claimant's department. One of those employees tested positive for COVID-19 on March 24, 2020 and claimant testified that he had no contact with the other employee. The director further testified that employees were provided masks, gloves and goggles and that social distancing was mandated.
Initially, claimant has not provided any evidence that his job brought him in contact with the public at large. Further, contrary to claimant's contention, in light of the testimony of both claimant and his treating physician that the onset of claimant's COVID-19 symptoms occurred on April 10, 2020, we find that the Board properly considered that date as the date when claimant became symptomatic. Notably, the employer's witness testified that, out of the 100 employees working at the factory during the relevant times, only one that claimant may have had contact with had tested positive for COVID-19 prior to April 10, 2020, an employee who worked in a different department than claimant and tested positive 17 days prior to the onset of claimant's symptoms. Moreover, although two employees from claimant's department contracted COVID-19, one was unsure when her symptoms began and the other testified that her symptoms began well after the onset of claimant's symptoms. In light of the foregoing, the Board's conclusion that claimant has not demonstrated that he contracted COVID-19 in the course of his employment, by failing to show either a specific exposure to the virus at work or such a prevalence of the virus in his work environment so as to present an elevated risk of exposure, is supported by substantial evidence and will not be disturbed (see Matter of Fernandez v New York City Tr. Auth., 224 AD3d at 1068; Matter of Holder v Office for People with Dev. Disabilities, 215 AD3d at 1202-1203).
Clark, Ceresia, Powers and Mackey, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: The record reflects that claimant was laid off from his position on May 26, 2020.